Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3076 | **DATE** | 10/22/2004 |
| **CASE TITLE** | McDonnell vs. Allstate | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [R. 12-1] is granted in part and denied in part. The Court grants Defendant's motion to dismiss Counts III and IV of the Complaint, but denies Defendant's motion to dismiss Count V.

*/s/ Amy J. St. Eve/*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | OCT 25 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | 20 |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| TH | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

WILLIAM R. McDONNELL, )
)
      Plaintiff, )
v. ) 04 C 3076
)
ALLSTATE LIFE INSURANCE COMPANY, )
f/k/a NORTHBROOK LIFE INSURANCE )
COMPANY, )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff William McDonnell alleges that Defendant Allstate Life Insurance Company ("Allstate") wrongfully changed its policies regarding the transfer of monies between his investment alternatives in his variable annuity. Plaintiff brings a five-count complaint alleging two counts of breach of contract (Counts I and II), breach of good faith and fair dealing (Count III), conversion (Count IV), and breach of fiduciary duty (Count V). Defendant moves to dismiss Counts III, IV, and V of the Complaint. For the reasons set forth below, the Court partially grants and partially denies Defendant's motion to dismiss.

### BACKGROUND

On or about January 20, 1998, Plaintiff and Allstate entered into a variable annuity contract. (R. 1-1, Compl. ¶ 9). Because no transfer restrictions existed under the original variable annuity contract, Plaintiff chose Allstate for the flexibility it provided him in moving his monies between various mutual funds and a money market account. (*Id.* at ¶¶ 7, 11). Initially, Plaintiff invested approximately $365,666 and invested additional monies later. (*Id.* at ¶ 13).

In December of 2002, Allstate imposed certain restrictions, including a $50,000 cap on

the amount of funds that an investor could transfer in a single day to certain mutual funds. (*Id.* at ¶ 18). In October of 2003, Allstate again refused to allow Plaintiff to move his investment funds into a certain group of investment alternatives. (*Id.* at ¶ 20). Finally, in January of 2004, Allstate further restricted Plaintiff's ability to transfer monies into another group of mutual funds. (*Id.* at ¶ 24). Plaintiff consequently alleges that these restrictions on his ability to freely transfer his funds violated his variable annuity contract and resulted in lost profits. (*Id.* at ¶¶ 7, 23).

In addition, Plaintiff attempted to transfer the majority of his monies to another annuity product controlled by a Prudential Financial Company, American Skandia. (*Id.* at ¶ 30). Plaintiff claims that Allstate failed to comply with his transfer request for nearly a month at which time the value his annuity dropped over $100,000. (*Id.* at ¶ 33).

## MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). When reviewing a motion to dismiss, the Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Jet, Inc. v. Shell Oil Co.*, 381 F.3d 627, 629 (7th Cir. 2004).

## ANALYSIS

### I. Breach of Covenant of Good Faith and Fair Dealing (Count III)

Under Illinois law, the covenant of good faith and fair dealing has never been an independent source of duties for the parties to a contract, but instead guides the construction of explicit terms in an agreement. *APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002) (citation and quotation omitted). As such, a breach of the covenant of good faith and fair dealing is not an independent cause of action except "in the narrow context of cases involving an insurer's obligation to settle with a third party who has sued the policy holder." *Id.* (quoting *Voyles v. Sandia Mortgage Corp.*, 196 Ill.2d 288, 296, 256 Ill.Dec. 289, 751 N.E.2d 1126 (2001)). Plaintiff does not argue that his claim fits under this narrow exception, and therefore fails to state a claim.

Plaintiff attempts to characterize his claim as a breach of duty that derives when one party to a contract is given broad discretion in performing certain obligations under the contract and acts in bad faith. *See Oil Express Nat'l, Inc. v. Burgstone*, 958 F.Supp. 366, 369 (N.D. Ill. 1997); *BA Mortgage & Int'l Realty Corp v. American Nat'l Bank & Trust Co.*, 706 F.Supp. 1364, 1373 (N.D. Ill. 1989). Even if such exception existed, Plaintiff has not allege that Allstate had broad discretion in performing its obligations under this nondiscretionary variable annuity contract. Instead, under the contract, Allstate's obligations consisted of managing the transfers between accounts per Plaintiff's instructions. Therefore, Plaintiff's allegations do not fit within the *Oil Express* parameters.

## II. Conversion (Count IV)

To state a claim for conversion in Illinois, Plaintiff must allege: (1) he has a right to the property at issue; (2) he has an absolute and unconditional right to the immediate possession of that property; (3) he made a demand on the defendant for possession of the property; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 184 Ill.2d 109, 114, 234 Ill.Dec. 455, 458, 703 N.E.2d 67, 70 (1998). Illinois law limits the situations where a plaintiff may maintain an action for the conversion of money. *3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F.Supp.2d 932, 939 (N.D. Ill. 2000). "[T]he general rule is that conversion will not lie for money represented by a general debt or obligation. It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use." *In re Thebus*, 108 Ill.2d 255, 261, 91 Ill.Dec. 623, 483 N.E.2d 1258, 1261 (1985).

The money at issue here does not fall within the limited circumstances under which Illinois provides for a claim for conversion. Plaintiff alleges that it took Allstate nearly a month to honor his request to transfer the majority of his monies held in the variable annuity account to an account controlled by American Skandia. Plaintiff, however, does not allege that during this one month period, Allstate converted the money to its own use. In addition, when Plaintiff requested that Allstate transfer his monies to another account, Allstate had the obligation to transfer the money. Because an action for conversion of funds may not be maintained to satisfy the mere obligation to pay money, *see In re Thebus*, 108 Ill.2d at 261, the Court grants Defendant's motion to dismiss Count IV.

4

## III. Breach of Fiduciary Duty (Count V)[1]

To allege a breach of fiduciary duty under Illinois law, a plaintiff must establish the following elements: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Romanek v. Connelly*, 324 Ill.App.3d 393, 404, 257 Ill.Dec. 436, 753 N.E.2d 1062, 1072 (2001). A fiduciary relationship may arise as a matter of law by virtue of the relationship between the parties, such as an attorney-client relationship. *In re Estate of Rothenberg*, 176 Ill.App.3d 176, 179, 125 Ill.Dec. 739, 741, 530 N.E.2d 1148, 1150 (1988). It may also "arise from the facts of a particular situation, for example, where there is trust reposed on one side and resulting superiority and influence on the other." *Id.*

To determine whether a fiduciary duty exists under the circumstances, the Court must examine the nature of the parties' annuity contract. Annuity contracts are not ordinary insurance contracts, as the Defendant suggests, because such contracts contain aspects of both securities and insurance products. *See Patenaude v. Equitable Life Assurance Soc'y*, 290 F.3d 1020, 1027 (9th Cir. 2002); *Lander v. Hartford Life & Annuity Ins.*, 251 F.3d 101, 105 (2d Cir. 2001). The Court's review of the annuity agreement attached to the Complaint, along with the Plaintiff's allegations, reveals that the parties' contract is a tax-deferred variable annuity as opposed to a fixed deferred annuity. In a tax-deferred variable annuity, the rate of return is not guaranteed. *See Patenaude*, 290 F.3d at 1027. Instead, the purchaser invests in professionally managed

---

[1] Plaintiff has failed to allege a claim for breach of fiduciary duty under the Investment Company Act of 1940. First, Plaintiff did not allege facts of Allstate's self-dealing or personal impropriety, thus he has failed to state a claim under 15 U.S.C. § 36(a). *See In re Nuveen Fund Litig.*, No. 94 C 0360, 1996 WL 328006, at * 10-11 (N.D. Ill. June 11, 1996). Further, Plaintiff has not sufficiently alleged a claim under § 36(b), due to his failure to allege that Allstate's compensation was disproportionate to services rendered. *See id.* at *14.

investment products, such as mutual funds, and receives a rate of return contingent on the success of the underlying investments. *See id.*; *see also Lander,* 251 F.3d at 105 ("many consumers use variable annuities as a tool for accumulating greater retirement funds through market speculation"). Due to the securities-related component of variable annuities, they must be registered with the Securities and Exchange Commission under the Securities Act of 1933. *See SEC v. Variable Annuity Life Ins. Co.,* 359 U.S. 65, 69-73, 79 S.Ct. 618, 3 L.Ed 2d 640 (1959).

Based on the nature of the parties' contract, Allstate is more than a mere party to the contract. Under Illinois law, brokers who receive fees or commissions for executing investment transactions can serve as agents to their customers, and thus have a fiduciary duty to their customers that is limited to actions occurring within the scope of their agency. *See Martin v. Heinhold Commodities, Inc.,* 117 Ill.2d 67, 78, 109 Ill.Dec. 772, 510 N.E.2d 840 (1987); *Index Futures Group, Inc. v. Ross,* 199 Ill.App.3d 468, 475, 145 Ill.Dec. 574, 557 N.E.2d 344 (Ill.App. 1990). "The duty of care owed by a broker carrying a nondiscretionary account for a customer is an exceedingly narrow one, consisting at most of a duty to properly carry out transactions ordered by the customer." *Index Futures Group,* 199 Ill.App.3d at 475.

Here, Plaintiff alleges that Allstate was responsible for transferring funds between the various investment options pursuant to Plaintiff's request, yet failed to do so. Plaintiff further alleges that Allstate's failure to transfer funds resulted in lost profits. Viewing the allegations in a light most favorable to Plaintiff, the Court concludes that he has sufficiently alleged a claim for breach of fiduciary duty under Illinois law. Count V stands.

## CONCLUSION

For these reasons, the Court grants Defendant's motion to dismiss Counts III and IV, but denies the Defendant's motion to dismiss Count V of the Complaint.

Dated: October 21, 2004

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**